UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAY'IM BEN-SHOLOM<br>a.k.a. Ryan Michael Marshall,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, JR., as Warden<br>of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:93-CV-05531 AWI<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PETITIONER'S<br>REQUEST TO DEFER RULING ON<br>ISSUANCE OF CERTIFICATE OF<br>APPEALABILITY AND DENYING<br>CERTIFICATE OF APPEALABILITY AS TO<br>CLAIMS 13, 14A, 15, 16, 17, 20, 21, 22, 23, 24,<br>25, 26, 27, 28, 29, AND 31 |

This matter is before the Court on the August 7, 2008 request by Petitioner Chay'im Ben-Sholom ("Ben-Sholom") for the Court to defer ruling on the issuance of a certificate of appealability in his case. The certificate of appealability pertains to the Court's July 11, 2008 Memorandum Decision and Order granting Claim 19 of the Ben-Sholom's petition[1] and vacating his death sentence, but denying all other unresolved claims and leaving intact his special circumstance first degree murder conviction. Ben-Sholom timely filed his notice of appeal on August 6, 2008, advising that he would seek appellate review of the Court's denial of Claims 1 through18 and 20 through 32. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") did not file a notice of appeal as to the Memorandum Decision and Order granting Claim 19 and vacating Ben-Sholom's death sentence within the time prescribed by statute. *See* Federal Rules of Appellate Procedure, Rule 4(a)(1); 28 U.S.C. § 2107(a)

---

[1] The operative petition in this case is Ben-Sholom's first amended petition filed August 15, 1997.

93dp05531.OGrantPetrReq2DeferCOA.ben.wpd

Ben-Sholom originally asked for a deferral of the Court's ruling on the certificate of appealability up to an including August 21, 2008. In a subsequent filing related to case management and budgeting, Ben-Sholom asked for an additional week deferral, up to and including August 28, 2008.[2] Among other reasons for the requested deferral, Ben-Sholom claims that his newly substituted-in counsel, Michael R. Snedeker, must obtain the files of recently substituted-out counsel, Patience Milrod, and there has been a delay in transmitting the files. Mr. Snedeker has advised the Court that he cannot utilize the files in the possession of his co-counsel, Michael R. Levine, even though both Mr. Snedeker and Mr. Levine maintain their offices in Portland, Oregon,[3] because the offices are a good distance apart, Mr. Levine's office is relatively small and does not have the case materials immediately at hand, and it would be unmanageable for Mr. Snedeker to travel back and forth between the two offices to review files and write points and authorities in support of the request for a certificate of appealability. Further, the Court's dispositive orders in the case are uniformly lengthy and contain citations to the whole scope of the record, including the trial record, testimony from the evidentiary hearing, and post-evidentiary hearing exhibits. Although Mr. Snedeker was co-counsel of record, along with Ms. Milrod, before the evidentiary hearing, he substituted out on November 25, 2002.[4] Mr. Snedeker did not represent Ben-Sholom during the evidentiary hearing proceedings and has not seen the record of the evidentiary hearing..

The disposition of Claims 1 through 32[5] in Ben-Sholom's petition is described below:

Claim 1        Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for alleged invalidity of Ben-Sholom's initial confession because authorities persuaded him to withdraw his request for counsel. Sixth and Eighth Amendment grounds dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. Surviving Fifth and

---

[2] An order filed concurrently herewith, and under seal, establishes a case management plan and budget for this post-judgment phase of the litigation.

[3] Ms. Milrod's office is in Fresno, California..

[4] Mr. Levine substituted in on the same date.

[5] This includes Claim 14A, alleged for the first time in an amendment to the petition on September 18, 1998.

|   |   |   |
|---|---|---|
| 1 |  | Fourteenth Amendment grounds denied on the merits.  October 5, 2001 Memorandum |
| 2 |  | Decision and Order, doc. 318. |
| 3 | Claim 2 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for alleged invalidity of |
| 4 |  | his first confession because it was coerced.  Sixth and Eighth Amendment grounds |
| 5 |  | dismissed with prejudice.  August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| 6 |  | Surviving Fifth and Fourteenth Amendment grounds denied on the merits.  October 5, |
| 7 |  | 2001 Memorandum Decision and Order, doc. 318. |
| 8 | Claim 3 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because authorities did |
| 9 |  | not tape record the *Miranda* advisements.  Dismissed with prejudice.  August 26, 1998 |
| 10 |  | Memorandum Opinion and Order, doc. 247. |
| 11 | Claim 4 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for improper admission |
| 12 |  | of officers' hearsay statements describing *Miranda* advisements which could have been |
| 13 |  | but were not tape recorded.  Dismissed with prejudice.  August 26, 1998 Memorandum |
| 14 |  | Opinion and Order, doc. 247 |
| 15 | Claim 5 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for alleged invalidity of |
| 16 |  | his first confession because officers gave false testimony about the pre-confession |
| 17 |  | colloquy.  Sixth and Eighth Amendment grounds dismissed with prejudice.  August 26, |
| 18 |  | 1998 Memorandum Opinion and Order, doc. 247.  Surviving Fifth and Fourteenth |
| 19 |  | Amendment grounds denied on the merits. October 5, 2001 Memorandum Decision and |
| 20 |  | Order, doc. 318. |
| 21 | Claim 6 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for alleged invalidity of |
| 22 |  | Ben-Sholom's second confession because authorities induced his statements as a |
| 23 |  | condition to obtaining personal items to which he was entitled at the jail.  Eighth |
| 24 |  | Amendment grounds dismissed with prejudice. August 26, 1998 Memorandum Opinion |
| 25 |  | and Order, doc. 247. Surviving Fifth, Sixth, and Fourteenth Amendment grounds denied |
| 26 |  | on the merits.  October 5, 2001 Memorandum Decision and Order, doc. 318. |
| 27 | Claim 7 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because authorities |
| 28 |  | exploited Ben-Sholom's first confession in order to obtain the second.  Eighth |

| | | |
|---|---|---|
| 1 | | Amendment grounds dismissed with prejudice. August 26, 1998 Memorandum Opinion |
| 2 | | and Order, doc. 247. Surviving Fifth, Sixth, and Fourteenth Amendment grounds denied |
| 3 | | on the merits. October 5, 2001 Memorandum Decision and Order, doc. 318. |
| 4 | Claim 8 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because the California |
| 5 | | Supreme Court relied on the trial court's rendition of the evidence regarding the |
| 6 | | admissibility of Ben-Sholom's confessions, which was not supported by the record. |
| 7 | | Dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| 8 | Claim 9 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because the California |
| 9 | | Supreme Court failed to conduct an independent de novo review of the record regarding |
| 10 | | the admissibility of Ben-Sholom's confessions. Dismissed with prejudice. August 26, |
| 11 | | 1998 Memorandum Opinion and Order, doc. 247. |
| 12 | Claim 10 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because the California |
| 13 | | Supreme Court utilized the incorrect burden of proof in assessing the challenges to the |
| 14 | | admissibility Ben-Sholom's confessions. Dismissed with prejudice. August 26, 1998 |
| 15 | | Memorandum Opinion and Order, doc. 247. |
| 16 | Claim 11 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because Ben-Sholom's |
| 17 | | arraignment was delayed. Denied on the merits. October 5, 2001 Memorandum |
| 18 | | Decision and Order, doc. 318. |
| 19 | Claim 12 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for trial counsel's |
| 20 | | constitutionally ineffective assistance of counsel in not challenging the delayed |
| 21 | | arraignment. Fifth and Eighth Amendment grounds dismissed with prejudice. August |
| 22 | | 26, 1998 Memorandum Opinion and Order, doc. 247. Surviving Sixth and Fourteenth |
| 23 | | Amendment grounds denied on the merits. October 5, 2001 Memorandum Decision and |
| 24 | | Order, doc. 318. |
| 25 | Claim 13 | Violation of Eighth and Fourteenth Amendments because Ben-Sholom's conviction and |
| 26 | | sentence were improperly influenced by the fact that the victim was Caucasian. Leave |
| 27 | | to amend with more facts (other than mere statistics) granted. August 26, 1998 |
| 28 | | Memorandum Opinion and Order, doc. 247. Ben-Sholom notified the Court he declined |

|   |   |   |
|---|---|---|
| 1 |  | to amend Claim 13.  September 18, 1998, doc. 249.  Claim 13 dismissed for failure to |
| 2 |  | state a claim.  September 21, 1998, doc. 250. |
| 3 | Claim 14 | Violation of Fifth, Sixth, Eighth and Fourteenth Amendments because jury selection in |
| 4 |  | Tulare County at the time of Ben-Sholom's trial violated the fair cross section |
| 5 |  | requirement.  Fifth and Eighth Amendment grounds dismissed with prejudice, but leave |
| 6 |  | to amend granted to allege more facts under Sixth and Fourteenth Amendment grounds. |
| 7 |  | August 26, 1998 Memorandum Opinion and Order, doc. 247.  Amended, as instructed, |
| 8 |  | September 18, 1998, doc. 249.  Denied on the merits.  October 5, 2001 Memorandum |
| 9 |  | Decision and Order, doc. 318.  Reanalyzed and denied on the merits.  July 11, 2008 |
| 10 |  | Memorandum Decision and Order, doc. 421. |
| 11 | Claim 14A | (Originally pleaded in September 18, 1998 amendment, doc. 249.)  Violation of Sixth |
| 12 |  | and Fourteenth Amendments for trial counsel's constitutionally ineffective assistance of |
| 13 |  | counsel in not challenging the fair cross section violation.  Dismissed with prejudice as |
| 14 |  | abuse of the writ.  December 2, 1998 Order, doc. 263. |
| 15 | Claim 15 | Violation of Sixth, Eighth, and Fourteenth Amendments for improper prosecutorial |
| 16 |  | peremptory challenges of jurors with reservations about the death penalty.  Dismissed |
| 17 |  | with prejudice.  August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| 18 | Claim 16 | Violation of Fourteenth Amendment for trial court's failure to instruct sua sponte on the |
| 19 |  | substantial domination sentencing factor under Penal Code § 190.3(g).  Denied as moot. |
| 20 |  | October 5, 2001 Memorandum Decision and Order, doc. 318.  Denied on the merits July |
| 21 |  | 11, 2008 Memorandum Decision and Order, doc. 421. |
| 22 | Claim 17 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because of inadequate |
| 23 |  | appellate review by the California Supreme Court on the instructional error regarding the |
| 24 |  | substantial domination penalty factor under Penal Code § 190.3(g).  Dismissed with |
| 25 |  | prejudice.  August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| 26 | Claim 18 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for ineffective assistance |
| 27 |  | of counsel at guilt and penalty phases for counsel's failure to obtain reliable expert |
| 28 |  | assistance regarding Ben-Sholom's mental condition at the time of the offense and trial. |

|   |   |   |
|---|---|---|
| | | Fifth and Eighth Amendment grounds dismissed with prejudice.  August 26, 1998 Memorandum Opinion and Order, doc. 247.  Denied on the merits October 5, 2001 Memorandum Decision and Order, doc. 318. |
| | Claim 19 | Violation of Sixth, Eighth, and Fourteenth Amendments for ineffective assistance of counsel at the penalty phase.  Eighth Amendment grounds dismissed with prejudice.  August 26, 1998 Memorandum Opinion and Order, doc. 247.  Evidentiary hearing GRANTED October 5, 2001 Memorandum Decision and Order, doc. 318.  Relief GRANTED and death sentence vacated.  July 11, 2008 Memorandum Decision and Order, doc. 421.  NO APPEAL TAKEN. |
| | Claim 20 | Violation of Fifth, Eighth, and Fourteenth Amendments for instructional ambiguity in the catchall sentencing factor under Penal Code § 190.3(k).  Denied on the merits. October 5, 2001 Memorandum Decision and Order, doc. 318. |
| | Claim 21 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for improper prosecution argument at the penalty phase about the victim and her family.  Denied on the merits. October 5, 2001 Memorandum Decision and Order, doc. 318. |
| | Claim 22 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for juror misconduct of prejudging penalty issues.  Further evidentiary development ordered.  October 5, 2001 Memorandum Decision and Order, doc. 318.  Denied on the merits.  July 11, 2008 Memorandum Decision and Order, doc. 421. |
| | Claim 23 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for juror misconduct in considering extraneous evidence.  Originally only Juror Richard Gildez was the target juror of this claim.  Resolution reserved until after evidentiary hearing.  October 5, 2001 Memorandum Decision and Order, doc. 318.  Prior to the February 2003 evidentiary hearing Ben-Sholom attempted to augment Claim 23 with allegations that Juror Portia Bordeaux received and was influenced by extraneous evidence.  Allegations about Juror Portia Bordeaux excluded without prejudice.  January 30, 2003 Order Following Pre-Evidentiary Hearing Conference, doc. 377.  Denied on the record February 7, 2003. |

| | | |
|---|---|---|
| | | Remainder of claim (regarding Juror Richard Gildez) denied as moot. July 11, 2008 Memorandum Decision and Order, doc. 421. |
| | Claim 24 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments due to the failure of the California Supreme Court to provide meaningful review of the juror misconduct allegations. Stricken on April 3, 1998, by operation of March 26, 1998 Order Striking Claim 24 and portions of Claim 30, doc. 202. |
| | Claim 25 | Violation of Eighth and Fourteenth Amendments because the California Supreme Court failed to provide Ben-Sholom inter-case proportionality review of his death sentence. Dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| | Claim 26 | Violation of Eighth and Fourteenth Amendments because the applicable California Death Penalty does not provide for inter-case proportionality review. Dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| | Claim 27 | Violation of Eighth and Fourteenth Amendments because Ben-Sholom's death sentence was disproportionate in his case (intra-case disproportionality). Resolution reserved until after evidentiary hearing. October 5, 2001 Memorandum Decision and Order, doc. 318. Denied as moot. July 11, 2008 Memorandum Decision and Order, doc. 421. |
| | Claim 28 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments because evidence presented in support of Ben-Sholom's death sentence was insufficient as a matter of law. Denied as moot. October 5, 2001 Memorandum Decision and Order, doc. 318. |
| | Claim 29 | Violation of Fifth, Sixth, Eighth, and Fourteenth Amendments for overly restrictive trial court review of the jury's verdict on the Penal Code § 190.4 modification motion. Dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. |
| | Claim 30 | Violation of Eighth and Fourteenth Amendments because the 1978 California Death Penalty Statute fails to narrow the class of defendants who are eligible for the death penalty. Paragraphs 20 through 25 in particular alleged that the circumstances of the crime sentencing factor under Penal Code § 190.3(a) is applied in an arbitrary manner. Paragraphs 20 through 25 stricken on April 3, 1998, by operation of March 26, 1998 |

|   |   |   |
|---|---|---|
|   |   | Order Striking Claim 24 and Portions of Claim 30, doc. 202. Remaining allegations denied on the merits. October 5, 2001 Memorandum Decision and Order, doc. 318. |
|   | Claim 31 | Violation of the Sixth, Eighth, and Fourteenth Amendments for lack of meaningful appellate review of the death sentence by the California Supreme Court. Denied on the merits. October 5, 2001 Memorandum Decision and Order, doc. 318. |
|   | Claim 32 | Violation of Sixth, Eighth, and Fourteenth Amendments because the California Supreme Court did not address four of Ben-Sholom's substantive claims either on direct review or state habeas. Dismissed with prejudice. August 26, 1998 Memorandum Opinion and Order, doc. 247. |

Fourteen of these claims include challenges strictly to Ben-Sholom's death sentence. They are Claims 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 31. Because the Warden has not pursued his appellate rights with respect to the grant of penalty phase relief in Claim 19, the Court will not entertain further argument on any of these sentencing claims. There is no reason to suppose that the state court will not vacate Ben-Sholom's death sentence as ordered by this Court on July 11, 2008. Nor will the Court give further consideration to Claim 13 about a pattern of racial discrimination because the victim was Caucasian. Claim 13, as pleaded, was based solely on statistical facts and is foreclosed by *McClesky v. Kemp*, 481 U.S. 279, 292 (1987), as stated in the August 26, 1998 Memorandum Opinion and Order. When given the opportunity to amend the claim, Ben-Sholom elected not to do so. Finally, the Court will entertain no further argument respecting Claim 14A, which was belatedly added to Ben-Sholom's petition as an amendment without leave of Court. As the Court found in its December 2, 1998 Order, Claim 14A pleaded basic facts known to Ben-Sholom at the time he filed his original petition. The presentation of Claim 14A was found to be both an unauthorized amendment under Federal Rule of Civil Procedure 15(a) and an abuse of the writ under former Rule 9(b) of the Rules Governing § 2254 Cases.

Under these circumstances, there is no "substantial showing of the denial of a constitutional right" presented in any of these sixteen claims. *See* 28 U.S.C. § 2253(c)(2). Further, there is no "showing that reasonable jurists could debate whether . . . [these claims] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." (Internal quotation marks omitted.) *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Sassounian v. Roe*, 230 F.3d 1097, 1101 (9th Cir. 2000).

As for the balance of the claims mentioned in the August 6, 2008 notice of appeal, the Court grants Ben-Sholom's request for a deferral of the ruling on the issuance of a certificate of appealability up to and including August 28, 2008, not because the reasons given for the delay are particularly compelling, but because there is no statutory limitation for the filing of a request for a certificate of appealability. Ben-Sholom is advised that his memorandum of points and authorities in support of his request for a certificate of appealability must be (electronically) filed no later than 4:00 p.m. on August 28, 2008. The Court is prepared to issue a certificate of appealability ruling and will do so with or without the benefit of further argument.

IT IS SO ORDERED.

Dated:   August 15, 2008                                      /s/ Anthony W. Ishii
                                                              Anthony W. Ishii
                                                              United States District Judge